UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| In re:<br>CVAH, INC.,<br>　　　　　Debtor.<br><br>NOAH G. HILLEN, solely in his capacity as Chapter 7 Trustee of the bankruptcy estate of the above-reference Debtor,<br>　　　Plaintiff,<br>　　　　　　v.<br>CITY OF MERIDIAN, a political subdivision of the State of Idaho; ADA COUNTY HIGHWAY DISTRICT; and DOES 1-5,<br>　　　Defendants. | Case No. 1:15-cv-457-BLW<br><br>**MEMORANDUM DECISION AND ORDER** |

## INTRODUCTION

Pending before the Court are the City of Meridian's and Ada County Highway District's Motions to Withdraw the Reference (Dkts. 1 & 2). As explained further below, the Court will grant the motions, but will delay withdrawing the reference until the bankruptcy court certifies that this case is ready for trial.

**MEMORANDUM DECISION & ORDER - 1**

# BACKGROUND

In May 2014, CVAH, Inc. filed a Chapter 7 bankruptcy petition. CVAH has virtually no assets and its only creditors are state and federal taxing authorities.

Roughly one year after CVAH filed its petition, the Trustee initiated approximately 40 separate adversary proceedings seeking to recover payments CVAH (or its principal) had previously made to various entities. These payments, taken together, total around $4 million. The Trustee alleges that these payments were constructively fraudulent and thus seeks to recover the monies for CVAH's bankruptcy estate.

In his complaint against the above-named defendants, the Trustee alleges four claims. In his first claim for relief, the Trustee invokes the federal Fair Debt Collection Practices Act (FDCPA) in his effort to recover the payments. In his second claim, the Trustee invokes Idaho's fraudulent transfer statutes. In a third claim for relief, alleged against some defendants, the Trustee invokes 11 U.S.C. § 548. The fourth claim is for "costs, attorney fees, and other relief."

In August 2015, the bankruptcy court ordered the adversary defendants to either: (1) consent to entry of judgment by the bankruptcy court; or (2) move to withdraw the reference. As of this date, a handful of the adversary defendants, including the defendants here, responded with a motion to withdraw the reference.

# ANALYSIS

Federal district courts have original jurisdiction over cases arising under the Bankruptcy Code. 28 U.S.C. § 1334(a). This Court has exercised its authority under 28 U.S.C. § 157(a) to refer all bankruptcy matters to the district's bankruptcy judges. *See*

*Apr. 24, 1995 Third Amended General Order.* Nevertheless, under 28 U.S.C. § 157(d), this reference is subject to mandatory or permissive withdrawal, depending on the circumstances. *See* 28 U.S.C. § 157(d). Section 157(d) reads as follows:

> The district court may withdraw, in whole or in part, any case or proceeding referred under this section, on its own motion or on timely motion of any party, for cause shown. The district court shall, on timely motion of a party, so withdraw a proceeding if the court determines that resolution of the proceeding requires consideration of both title 11 and other laws of the United States regulating organizations or activities affecting interstate commerce.

Most of the defendants seeking withdrawal contend that both mandatory and permissive withdrawal apply.

1.  **Mandatory Withdrawal**

As the statute specifies, withdrawal is mandatory in cases requiring material consideration "of both title 11 and other laws of the United States regulating organizations or activities affecting interstate commerce." *Id.*

Preliminarily, the Court is not convinced that withdrawal is mandatory if a bankruptcy court must consider state law along with bankruptcy law to resolve a claim. The plain language of the statute refers to federal laws – not state laws. *See id.* (referring to "other laws *of the United States*") (emphasis added). So the key question is whether the Trustee is asking the bankruptcy court to consider federal, non-bankruptcy law.

He is. In his first claim for relief, the Trustee invokes the FDCPA. The FDCPA is indisputably a non-title 11, federal law that affects interstate commerce. *See* 15 U.S.C. § 1692a(6). So if the statutory language were strictly interpreted, this Court must withdraw the FDCPA claim without further analysis.

MEMORANDUM DECISION & ORDER - 3

But the Court concludes that a more searching inquiry is necessary. The problem with strictly interpreting the statute is that withdrawing disputes requiring even the most basic consideration of non-bankruptcy law "would force district courts to withdraw matters in which [Bankruptcy] Code questions overwhelmingly predominate and consideration of non-Code statutes would be de minimus." *In re White Motor Corp.*, 42 B.R. 693, 703 (N.D. Ohio 1984). The alternative, more favored, interpretation requires that the consideration of non-bankruptcy law be "substantial and material" before withdrawal is mandatory. *See, e.g., Holmes v. Grubman*, 315 F. Supp. 2d 1376, 1379 (M.D. Ga. 2004). According to this view, "the 'resolution of non-bankruptcy law must be essential to the dispute.'" *Id.* (citation omitted). The Ninth Circuit has not indicated which standard courts should apply, but has approved the "substantial and material" standard in dicta. *Sec. Farms v. Int'l Brotherhood of Teamsters*, 124 F.3d 999, 1008 n.4 (9th Cir. 1997). This Court will therefore adopt that standard in examining the FDCPA claim at issue here. *Accord Hawaiian Airlines, Inc. v. Mesa Air Grp., Inc.*, 355 B.R. 214, 222 (D. Haw. 2006).

In his FDCPA claim, the Trustee seeks to avoid transfers made to defendants using his strong-arm powers, found in 11 U.S.C. § 544(b)(1), along with 28 U.S.C. § 3304 of the FDCPA. Under § 544(b)(1), a trustee may avoid "any transfer ... or any obligation incurred by the debtor that is voidable under *applicable law*" by a creditor holding an unsecured claim that is allowable under 11 U.S.C. § 502. *See* 11 U.S.C. § 544(b)(1) (emphasis added). The Trustee relies on the FDCPA as "applicable law" in his effort to take advantage of the FDCPA's six-year reach-back period to set aside payments made to

MEMORANDUM DECISION & ORDER - 4

defendants. *See* 28 U.S.C. § 3306(b). (Idaho's fraudulent transfer laws have a four-year reach-back period. *See* Idaho Code § 55-918 (1) and (2)).

Several adversary defendants dispute the use of the FDCPA as "applicable law" within the meaning of Section 544(b). To resolve the Trustee's claims, the reviewing court must therefore determine whether the trustee can step into the shoes of a federal creditor and use the FDCPA as "applicable law" under § 544(b)(1). The Ninth Circuit has not confronted this issue, and there is a split of authority among the courts that have decided the issue. *See Gordon v. Harrison (In re Alpha Protective Servs., Inc.)*, 531 B.R. 889, 905 (Bankr. M.D. Ga. 2015) (discussing the split and citing cases).

Under these circumstances, the Court concludes that resolving the Trustee's FDCPA claim extends beyond applying well-settled, federal, non-bankruptcy law. Therefore, the Court will withdraw the reference as to Count I of the Trustee's complaint in this action. But the Court will not withdraw the reference at this stage for at least three reasons.

*First*, just because withdrawal is mandated does not mean the Court must immediately withdraw the reference. Rather, the Court concludes that it may delay withdrawing the reference until the bankruptcy court certifies that the case is trial-ready. *Accord Beck v. Ally Fin., Inc.*, Case No. 13-mc-16, 2013 WL 5676232, at *1 (S.D. Ala. Oct. 18, 2013) (district court granted motion for withdrawal after determining mandatory withdrawal applied, but nevertheless "delay[ed] the withdrawal until the Bankruptcy Court certifies that the case is ready for trial"); *cf.* 1 *Collier on Bankruptcy* ¶ 3.04[2] (16th ed. 2015) (observing that even when withdrawal is mandatory, district courts have

permitted bankruptcy courts to conduct pretrial proceedings, citing *PBGC v. Pan Am Corp. (In re Pan Am Corp.)*, 133 B.R. 700, 701 (S.D.N.Y. 1991) (although withdrawal was mandatory, the district court remanded the case to the bankruptcy court to submit proposed findings of fact and conclusions of law)).

*Second,* the defendant has indicated that it is content to have the bankruptcy court preside over pretrial proceedings. *See Mtn. Mem.*, Dkt. 1-1, at 5 (requesting withdrawal "at the appropriate time prior to trial"); *Reply,* Dkt. 3, at 5 ("The bankruptcy court can be assigned or referred the pre-trial procedures, and this District Court can then convene the jury for trial").

*Third*, as detailed below, this Court is not persuaded that an immediate withdrawal would best serve the parties or the courts. *See infra* ¶ 2.

In sum, this Court concludes that although it must eventually withdraw the reference of the Trustee's first claim for relief, it will not do so now.

**2.      Permissive Withdrawal**

The next question is whether the "cause" factors associated with permissive withdrawal weigh in favor of an immediate withdrawal. Withdrawal is permissive in any case or proceeding referred to a bankruptcy court upon the district court's own motion, or on a party's timely motion for "cause shown." 28 U.S.C. § 157(d). The statute does not specify what is necessary to show "cause," but courts have identified a variety of factors that may be considered, including: (1) the efficient use of judicial resources; (2) delay and costs to the parties; (3) uniformity of bankruptcy administration, (4) prevention of forum shopping; and (5) other related factors. *Sec. Farms,* 124 F.3d at 1008. "Other

related factors" might include whether the issues are core or non-core proceedings, as well as the right to a jury trial.  *See Rosenberg v. Harvey A. Brookstein*, 479 B.R. 584, 587 (D. Nev. 2012) (citation omitted).

### A. Seventh Amendment Jury-Trial Right

The Court begins by observing that the fraudulent conveyance claims at issue in this case are statutorily defined as "core" proceedings.  *See* 28 U.S.C. § 157(b)(2)(H).  Congress has empowered bankruptcy courts to enter a final judgment on such claims.  *See* 28 U.S.C. § 157(b)(1).  But in the wake of the Supreme Court's landmark decision in *Stern v. Marshall,* 131 S. Ct. 2594 (2011), the Ninth Circuit held that bankruptcy courts lack the constitutional authority to enter final judgments on fraudulent conveyance claims.  *See In re Bellingham Ins. Agency, Inc.*, 702 F.3d 553 (9th Cir. 2012), *aff'd,* 134 S. Ct. 2165 (2014) ("fraudulent conveyance claims . . . cannot be adjudicated by non-Article III judges.").  The Trustee, for his part, has not meaningfully challenged defendants' assertions that they have a right to a jury trial in district court on the fraudulent conveyance claims.  Thus, if the fraudulent conveyance claims leveled against the defendant proceeds to trial, an Article III judge will preside.  *See* 28 U.S.C. § 157(e);[1] *In re Dyer*, 322 F.3d 1178, 1194 (9th Cir. 2003) ("[T]he bankruptcy court is unable to preside over a jury trial absent explicit consent from the parties and the district court.");

---

[1] In full, 28 U.S.C. § 157(e) provides:

> If the right to a jury trial applies in a proceeding that may be heard under this section by a bankruptcy judge, the bankruptcy judge may conduct the jury trial if specially designated to exercise such jurisdiction by the district court and with the express consent of all the parties.

**MEMORANDUM DECISION & ORDER - 7**

*In re Cinematronics, Inc.*, 916 F.2d 1444, 1451 (9th Cir. 1990) (agreeing with "several courts [that] have concluded that where a jury trial is required and the parties refuse to consent to bankruptcy jurisdiction, withdrawal of the case to the district court is appropriate") (internal citations omitted)).

But this does not mean the Court must immediately withdraw the reference. Rather, it is permissible for the bankruptcy court to handle all preliminary matters up to the point of trial. *See Sigma Micro Corp. v. Healthcentral.com (In re Healthcentral.com)*, 504 F.3d 775, 787 (9th Cir. 2007) ("a Seventh Amendment jury trial right does not mean the bankruptcy court must instantly give up jurisdiction" and transfer the case to district court). In fact, the Supreme Court recently clarified that so-called "*Stern* claims" – which include the fraudulent transfer claims at issue here – may comfortably proceed under the procedure set forth in 28 U.S.C. § 157(c)(1). *See Executive Benefits Ins. Agency v. Arkison,* 134 S. Ct. 2165, 2174 (2014). Section 157(c)(1) provides as follows:

> A bankruptcy judge may hear a proceeding that is not a core proceeding but that is otherwise related to a case under title 11. In such proceeding, the bankruptcy judge shall submit proposed findings of fact and conclusions of law to the district court, and any final order or judgment shall be entered by the district judge after considering the bankruptcy judge's proposed findings and conclusions and after reviewing de novo those matters to which any party has timely and specifically objected.

Thus, in this case, the bankruptcy court may "hear" the Trustee's fraudulent transfer claims, and submit proposed findings of fact and conclusions of law to the district court. *Id.* Further, if either party files a dispositive motion, the bankruptcy court may entertain that motion and submit proposed findings of fact, conclusions of law, and a

MEMORANDUM DECISION & ORDER - 8

recommended disposition of the claim to this Court.  *See Bellingham Ins. Agency*, 702 F.3d at 565 (bankruptcy courts have the statutory power "to hear fraudulent conveyance cases and to submit reports and recommendations to district courts").

In light of this authority, the Court is not persuaded that defendants' jury-trial right requires a withdrawal at this stage.  Rather, at this point in the proceedings, the Court's central concern is how it can best help the parties achieve a just, speedy, and inexpensive resolution of their claims.  *Cf.* Fed. R. Civ. P. 1.  Many of the other "cause" factors relevant to permissive withdrawal – including efficiency, cost, and delay – speak to this concern.

**B.  Efficiency; Cost; Delay; Uniformity**

This case is in its beginning stages, so it would seem that the case would move along at the same speed in either district court or bankruptcy court.  But that is not true here because the bankruptcy court has expended significant time and effort over the past 18 months becoming familiar with the underlying bankruptcy proceeding.  That knowledge will almost surely enable the bankruptcy court to move this case along more quickly than this Court could.  Further, there is a very real possibility that this case – like most cases – will resolve before trial.

Granted, if a case does proceed to trial, there will be judicial efficiency losses because a second court will have to familiarize itself with the case.  Further, this Court may be required to conduct a de novo review of proposed findings and conclusions on dispositive motions.  Such a procedure could increase costs to the parties and cause some delay.  But these possible inefficiencies, delays, and costs do not overcome the weight

this Court has placed on the familiarity the bankruptcy court has with the debtor, the bankruptcy estate, and the various other adversary proceedings pending in this bankruptcy case.

The Court also finds that the underlying bankruptcy likely will be more uniformly administered if all of the adversary cases remain before the same court for pretrial proceedings.

### C.  Prevention of Forum Shopping.

Lastly, regarding the forum-shopping factor, the Court is unpersuaded by the Trustee's assertion that the defendants engaged in forum shopping.  These motions were made early in the proceedings, largely in response to the bankruptcy court's order that such motions be made within a fourteen-day period.  This factor is therefore neutral.

## CONCLUSION

After having considered all of the above factors, the Court concludes that neither permissive nor mandatory withdrawal is warranted at this time.  The Court will instead delay withdrawing the reference until the bankruptcy court certifies that this adversary proceeding is ready for trial.

## ORDER

For all the foregoing reasons, **IT IS ORDERED that:**

1) Defendants' Motions to Withdraw the Reference (Dkts. 1 & 2) are granted in part, and denied, in part, as follows:

2) The Motion is **GRANTED** to the extent defendants seek withdrawal when the bankruptcy court certifies that this case is ready for trial.

3) The Motion is **DENIED** to the extent defendants seek an immediate withdrawal.

4) The bankruptcy court will preside over all pretrial matters in this case, including discovery and pretrial conferences, and will resolve routine and dispositive motions.  If any party files a dispositive motion, the bankruptcy court will entertain that motion and submit proposed findings of fact, conclusions of law, and a recommendation for disposition to this Court.

5) If and when it becomes clear that a jury trial will be necessary, and the case is prepared and ready for trial to begin, the bankruptcy court shall so certify to this Court and the reference will be withdrawn at that time.

6) Until the bankruptcy court certifies that this case is ready for trial, the parties shall file all motions, pleadings, and other papers in the adversary proceeding in bankruptcy court.

DATED: November 10, 2015

_____
B. Lynn Winmill
Chief Judge
United States District Court